IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01581-RPM

DALE GROSS and
MAURICE HARRIS,

       Plaintiffs,
v.

DANA MADRID, Community Parole Officer;
JENNIFER DUNCAN, Community Parole Officer;
ARI ZAVARAS, the Executive Director of the Colorado Department of Corrections;
DEBORA C. ALLEN, State Parole Board Member;
CELESTE M. C. DE BACA aka CELESTE M. QUINONES, State Parole Board Member;
MICHAEL ANDERSON, State Parole Board Member;
MARGARET M. HECKENBACK, State Parole Board Member;
JOHN O'DELL, State Parole Board Member;
BECKY R. LUCERO, State Parole Board Member;
REBECCA L. OAKES, State Parole Board Member;
RSA INC;
THOMAS PALS, therapist at RSA INC;
PROGRESSIVE THERAPY SYSTEMS, P.C.; and
PETER BRIGGS, therapist at Progressive Therapy Systems, P.C.,

       Defendants.
_____

ORDER ON STATE DEFENDANTS' MOTION TO DISMISS AMENDED AND SUPPLEMENTAL COMPLAINT
_____

       The plaintiffs Dale Gross and Maurice Harris filed an Amended and Supplemental Complaint and Jury Demand on September 6, 2010, against Dana Madrid, Jennifer Duncan, Ari Zavaras, Deborah C. Allen, Celeste M. C. De Baca, Michael Anderson, Margaret M. Heckenback, John O'Dell, Becky R. Lucero and Rebecca L. Oakes (State Defendants), seeking injunctive relief on claimed violations of the protection of speech provided by the First and Fourteenth Amendments in the First Claim for Relief and for violations of the due process and double jeopardy clauses of the Fifth and Fourteenth Amendments in the Second Claim for Relief.  Thomas Pals and RSA, Inc., are additional defendants named in that second claim.

       The state defendants moved to dismiss on November 8, 2010 (Doc. 19) pursuant to Fed.R.Civ.P. (12)(b)(1) and 12(b)(6).  The plaintiffs responded on January 17, 2011, (Doc. 42)

and the state defendants replied on February 1, 2011. In their response the plaintiffs asked for leave to file an additional amended complaint if the Court agrees with the state defendants that the amended complaint is insufficient.

The subject motions correctly contend that the plaintiffs' allegations that they have incorrectly been classified as sex offenders are barred by the statute of limitations and as to the plaintiff Gross by claim preclusion from prior litigation. To that extent the state defendants' Rule 12(b)(6) motion is granted and those defects cannot be cured by an amended pleading. The state defendants are also correct in contending that the additional claims of Dale Harris are not ripe for adjudication and are dismissed under Rule 12(b)(1).

The Gross claims for violations of the First Amendment must be clarified both as to the legal contentions and the relief requested.

It is therefore ORDERED, that the claims of both plaintiffs based on their classification as sex offenders are dismissed under Rule 12(b)(6); the additional claims of Dale Harris are dismissed under Rule 12(b)(1) and the motion of Dale Gross for leave to file an amended complaint for violations of the First and Fourteenth Amendments is granted, the amended complaint to be filed on or before September 30, 2011.

DATED: September 2nd, 2011

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge